FILED
October 27, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: cav
DEPUTY

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **JACQUELINE ORELLANA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO. 6:26-CV-440-CRW-DNM** |
| | § | |
| **HOMESITE INSURANCE COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Jacqueline Orellana, and files this First Amended Complaint against Defendant, Homesite Insurance Company. In support of their causes of action, Plaintiff would respectfully show the Court the following:

### I.
### THE PARTIES

1. Jacqueline Orellana is an individual who resides at the property situated in Bell County, Texas at 1906 S 41st Street, Temple, Texas 76504.

2. Homesite Insurance Company is a foreign insurance company duly organized, incorporated, and existing under the laws in the state of Massachusetts. Its principal office is in Boston, Massachusetts. Defendant has been served and has answered this lawsuit.

## II.
## JURISDICTION AND VENUE

3. This Court has jurisdiction over Defendant because Defendant is an insurance company that engages in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

4. The conduct of Defendant in the State of Texas includes, but is not limited to:

(a) The making and issuing of contracts of insurance with the Plaintiff;

(b) The taking and receiving the application of insurance for insurance from the Plaintiff;

(c) The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

(d) The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

5. Jurisdiction is based on diversity of citizenship in that this case was removed by Defendant from State Court pursuant to 28 U.S.C. §1446. Furthermore, jurisdiction is based on 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000.00.

## III.
## FACTUAL BACKGROUND

1. On or about May 22, 2024, Plaintiff's property located at 1906 S 41st Street, Temple, TX 76504 ("the Property") suffered significant damage due to a hail and windstorm ("the Storm"). In fact, in an effort to document the intensity of the wind during the Storm, Plaintiff provided photographs to the Defendant of a fallen tree at the neighbor's property.

2. The Storm caused substantial damage to the dwelling roof and components, gutters, soffit and fascia, siding on the exterior elevation(s) and windows.

3. Moreover, the Storm's impact inflicted extensive damage on the roofing system, necessitating a complete replacement.

4. Plaintiff had a valid insurance policy at the time of the Storm, policy number 39151769 ("the Policy), with Defendant covering the Property for such damage.

5. Plaintiff promptly filed a claim with Defendant, claim number 01-007-623183 ("the Policy"), seeking coverage for the Storm damage.

6. On or about May 31, 2024, Defendant performed an initial inspection and discovered damage to the roof, approximately 4LF of gutters, siding on the rear elevation, 52LF of fascia on the right and rear elevations, soffit reset on the rear elevation and one window screen on the rear elevation of the property.

7. Following the Defendant's initial inspection, on or about June 8, 2024, Defendant issued an actual cash value payment in the amount of $8,981.27. The ACV payment did not account for the full extent of damage suffered by the Plaintiff.

8. After receiving the Defendant's findings, the Plaintiff obtained her own estimates from independent contractors. First, Plaintiff retained the services of of Power Home Remodeling to provide estimates to repair and/or replace the windows, the dwelling roof, and gutters. Power

Home Remodeling identified damages that were omitted in Defendant's initial scope and also estimated the cost of repair to be more than what was found by the Defendant. Power Home Remodeling's estimate totaled $39,966.25.

9. After receiving information from Power Home Remodeling, through Plaintiff, on or about December 27, 2024, Defendant revised its estimate to account for more components of the dwelling roof.

10. On or about December 31, 2024, Defendant also issued a denial of coverage for the windows based on "wear and tear…" exclusions, despite receiving supplemental estimates and photographs from the Plaintiff that documented the need for repairs to the windows as a result of the Storm. To date, Defendant has only allowed for the replacement of one window screen.

11. Ultimately, Defendant's estimate revision on December 27, 2024, resulted in a supplemental payment in the amount of $4,822.64. On information and belief, the Defendant failed to pay for all covered damage that it had notice of at its first inspection, as required by the Texas Prompt Payment Act and also failed to apply interest to such delayed payment.

12. Plaintiff had exhausted her efforts to provide independent documentation of her damage to the Defendant, as well as taking action to mitigate further damage to her Property by performing repairs to certain areas. For example, Plaintiff has had to cover a significant amount of the repair costs out-of-pocket and is currently paying on a loan that she took out to be able to afford the replacement of the dwelling roof and windows. Additionally, the Plaintiff is unable to perform additional repairs to the siding, fascia, and gutters required on the exterior elevation(s) of the Property.

13. Due to the continued dispute about the price and scope of necessary and proper repairs required to Plaintiff's Property and the remaining coverage dispute, Plaintiff was forced to

retain counsel to pursue all covered damage due and owing under her Policy.

14. Plaintiff, through counsel, retained Grace Forensic Loss Consultants ("Grace") to provide an estimate documenting the scope of necessary siding repair and/or replacement required to the Property. Grace's estimate totaled $7,873.77.

15. On June 05, 2025, Plaintiff, through counsel, provided Defendant with a notice and demand letter pursuant to the Texas Insurance Code and Deceptive Trade Practices Act. Included in the June 05, 2025, letter was the Grace estimate, along with the documentation prepared by Power Home Remodeling, and Plaintiff's repair loan information.

16. After receiving the notice and demand letter, the Defendant conducted a re-inspection by obtaining a hover report. Following the completion of the Defendant's hover report, the Defendant issued another supplemental payment on November 19, 2025, in the amount of $1,335.02. Defendant's November 19, 2025, supplemental payment was issued 167 days from Plaintiff's delivery of her notice and demand letter on June 05, 2025.

17. Plaintiff has made extensive efforts to mitigate further damage from the Storm, incurring financial hardship and continues to do so.

18. To date, the Defendant has failed to perform a proper inspection of the Property and has wrongfully under-scoped the damage. Despite receiving supplemental information from Plaintiff demonstrating the increased scope and costs of repairs required, greater than those identified by Defendant, the Defendant has failed to pay for all covered damage when liability became reasonably clear.

19. Defendant's actions have left Plaintiff unable to perform all necessary and proper repairs required to the Property. Until she is adequately compensated for all covered damage due and owing under the Policy, Plaintiff will continue to sustain damage and also suffer consequential

damages.

## IV.
## CAUSES OF ACTION

20. Each of the foregoing paragraphs is incorporated by reference in the following:

### A. Breach of Contract

21. A breach of contract occurs when a party fails to perform an act it has explicitly or impliedly promised to perform. *Gaspar v. Lawnpro, Inc.*, 372 S.W.3d 754, 757 (Tex. App.--Dallas 2012, no pet.). To Prevail on a valid breach of contract claim, a plaintiff must prove that 1) there was a valid contract; 2) that plaintiff has performed their obligations under the contract or tendered performance; 3) that the defendant has breached the contract in some manner; and 4) plaintiff has sustained damages as a result of defendant's breach. *Id.*

22. Plaintiff is the beneficiary of the insurance contract issued by Defendant. Specifically, at the time that the storm damaged the property, Plaintiff had a Policy of insurance in place issued by Defendant. There is no dispute that a valid contract between the Plaintiff and Defendant was in place at the time of the date of loss.

23. All conditions precedent to recovery have been met by Plaintiff; therefore, Plaintiff has fulfilled her obligations under the Policy prior to and following the date of loss.

24. On the other hand, Defendant has failed to fulfill its duties owed to Plaintiff under the Policy of insurance that it issued to Plaintiff. Specifically, Defendant has failed to conduct a reasonable investigation and timely pay the Plaintiff the full benefits afforded to the Plaintiff after a covered loss.

25. Defendant's failure to uphold its duties owed to Plaintiff under the Policy of insurance constitutes a breach of contract resulting in damages to the Plaintiff, including consequential damages.

26. Specifically, Defendant's continued failure to under scope the costs of repairs and refusal to provide coverage for the window replacement has prevented Plaintiff from being able to afford all necessary and proper repairs and has caused Plaintiff to incur out of pocket expenses for repairs, including paying interest on a loan she obtained in order to perform some of the necessary repairs.

**B. Defendant's Conduct Violated the Texas Prompt Payment of Claims Statute**

27. Defendant's failure to pay the claim and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq*. and 542A.001 et seq. of the Texas Insurance Code.

28. Specifically, Defendant failed to do the following within the statutorily mandated time period of receiving all necessary claim information from the Plaintiff and/or its representative;

(1) Failing to timely acknowledge the Plaintiff's claim;

(2) Failing to commence an investigation of Plaintiff's claim;

(3) Failing to request all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadlines;

(4) Failing to give proper notice of the acceptance or rejection of part or all of Plaintiff's claim;

(5) Failing to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all information;

(6) Failing to pay Plaintiff's claim or portions of the claim without delay; and

(7) Failing to include the requisite penalty interest on any and all payments made beyond the statutorily designated time to make payment in full for Plaintiff's claim.

29. Defendant violated the TEXAS INSURANCE CODE Ch. 542 by:

(1) Knowingly misrepresented to the Plaintiff pertinent facts or policy revisions relating to coverage;

(2) Failing to adopt and implement reasonable standards for the prompt

investigation of claims arising under the policy;

(3) Not attempting in good faith to affect a prompt, fair, and equitable settlement of the claim when liability became reasonably clear; and

(4) Compelling Plaintiff to institute a suit to recover an amount due under the policy by offering substantially less than the amount ultimately recovered in the suit brought by Plaintiff.

30. The Defendant sold a Policy to Plaintiff that promised to indemnify Plaintiff for damage sustained as a direct physical loss such as the Storm in exchange for the Plaintiff's payment of premiums. Plaintiff has provided the Defendant with independent information from contractors with Power Home Remodeling and estimator consultants with Grace for the Defendant's review demonstrating areas of damage that were under scoped or omitted by Defendant, however, the Defendant has failed to pay Plaintiff for all covered damaged owed under the Policy when Defendant's liability became reasonably clear. The Defendant has failed to uphold its part of the bargain to uphold its obligation to pay the Plaintiff for damage covered by the Policy.

31. Therefore, Plaintiff, in addition to her claim for damages, is entitled to 18% interest and attorneys' fees, as set forth in Section 542.060 of the Texas Insurance Code.

**C. Defendant's Claim(s) Handling Conduct Violated Texas Insurance Code Chapter. 541.**

32. Defendant is required to comply with Chapter 541 of the Texas Insurance Code. Defendant violated the TEX. INS. CODE. Ch. 541 because it engages in unfair and/or deceptive acts or practices in the business of insurance. The acts and omissions of Defendant in the issuance of Plaintiff's Policy and its claim(s) handling include violations of the following:

(a) TEX. INS. CODE §541.051;

(b) TEX. INS. CODE §541.052;

(c) TEX. INS. CODE §541.059;

(d) Engaging in unfair settlement practices by:

(i) Misrepresenting to Plaintiff a material fact or Policy provision relating to coverage(s) at issue (TEX. INS. CODE §541.060(a)(1);

(ii) Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim when the insurer's liability has become reasonably clear (TEX. INS. CODE § 541.060(a)(2)(A));

(iii)Failing to promptly provide a reasonable explanation for the denial of a claim (TEX. INS. CODE § 541.060(a)(3));

(iv)Refusing to pay a claim without conducting a reasonable investigation (TEX. INS. CODE § 541.060(a)(7));

(e) Defendant also misrepresented Plaintiff's insurance policy by:

(i) Making an unfair statement of material fact (TEX. INS. CODE § 541.061(1);

(ii) Failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made (TEX. INS. CODE § 542.061(2);

(iii)Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact (TEX. INS. CODE § 542.061(3);

(f) Defendant's conduct violates the Texas Deceptive Trade Practices Act, to the extent it is incorporated by Section 541.151 of the Texas Insurance Code.

**D. Defendant's Conduct Constitutes Violation(s) of the Deceptive Trade Practices Act.**

33. Plaintiff is a "consumer" as defined by TEX. BUS. & COMM. CODE §17.45(4). Plaintiff sought or acquired goods or services by purchasing those goods or services from the Defendant, which in this case is the insurance Policy. The Defendant violated the Texas Deceptive Trade Practices Act ("DTPA") (TEX. BUS. & COMM. CODE §17.44 et seq.) because it engaged in false, misleading and/or deceptive acts or practices that Plaintiff relied on to their detriment.

34. Defendant's conduct is the producing case of economic damages or damages for mental anguish thus constitutes multiple violations of the TEXAS DECEPTIVE TRADE PRACTICES ACT ("DTPA"), including, but not limited to:

(a) The use or employment by any person of a false, misleading, or deceptive act or practice that is (A) specifically enumerated in subsection (b) of Section 17.46 of the DTPA; and is (B) relied on by the consumer to the consumer's detriment (TEX. BUS. & COM. CODE § 17.50(a)(1)(A)(B));

(b) Engaging in an unconscionable action or course of action (TEX. BUS. & COM. CODE § 17.50(a)(3));

(c) Or the use or employment by any person of an act or practice in violation of Chapter 541 of the Texas Insurance Code (TEX. BUS. & COM. CODE § 17.50(a)(4).

35. Defendant's conduct was committed knowingly and/or intentionally because, at the time of the acts and practices complained of Defendant has actual awareness of the falsity, deception, or unfairness of the act in detrimental reliance on the falsity or deception and/or in detrimental ignorance of the unfairness.

36. Plaintiff gave Defendant notice as required by DTPA §17.50(a). Plaintiff believes that Defendant was given adequate notice as Plaintiff gave notice on June 5, 2025.

## V.
## AMBIGUITIES

37. The Policy in place at the time of the date of loss, contained patent and latent ambiguities concerning the terms of the policy governing the insured's duties after loss, coverages, replacement cost value vs actual cost value, and calculation of damages.

## VI.
## WAIVER AND ESTOPPEL

38. Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## VII.
## ATTORNEYS' FEES

39. The above paragraphs are incorporated herein by reference as if set forth in full.

40. As a result of Defendant's actions as stated and shown herein, Plaintiff has retained Storm Law Partners, PLLC to assert the claims set forth in this First Amended Complaint and any amendments thereto. Plaintiff has incurred, and will continue to incur, reasonable and necessary attorneys' fees, expenses, and costs of court in pursuing these and potentially other claims.

41. Plaintiff hereby seeks recovery of such attorneys' fees, expenses, and costs of court through trial, and appeal, if necessary, from Defendant pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001, TEX. R. CIV. P. § 131 & 141, DTPA §17.50(d), TEX. INS. CODES §541.152 and §542.060 and/or any other applicable statute or common law. 36. Attorneys' fees should be awarded for any and all services rendered up to and including trial, and any and all post-trial motions and appeals.

## VIII.
## CONDITIONS PRECEDENT

42. Plaintiff sent Defendant a notice letter pursuant to TEX. INS. CODE § 541.154 on June 05, 2025. Defendant responded to this letter on November 19, 2025. Plaintiff filed suit when it became clear that the matter would not be resolved without litigation.

43. All conditions precedent have been performed, occurred, or waived, entitling Plaintiff to recover the damages alleged herein.

## IX.
## JURY DEMAND

44. Plaintiff timely demanded a jury trial in Plaintiff's Original Petition.

## X.
## DAMAGES

45. Plaintiff seeks damages for the injuries caused by Defendant. Plaintiff asserts that each of the foregoing actions, whether viewed individually or collectively, constitutes the producing cause of the damage suffered by Plaintiff.

46. As outlined previously above, Defendant has failed to fully indemnify Plaintiff for losses resulting from the Storm. This ongoing failure to properly resolve the claim has imposed additional financial burdens on Plaintiff, who has been forced to absorb costs that rightfully fall under Defendant's obligations pursuant to the insurance policy. This mishandling has caused unnecessary hardship and is a direct result of Defendant's violations of the statutes referenced herein.

47. Regarding Defendant's breach of contract, Plaintiff seeks to recover the full benefit of the contractual agreement, including all losses sustained and expenses incurred, along with reasonable attorney's fees.

48. Regarding Defendant's noncompliance with Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which encompass the policy benefits wrongfully withheld for coverages applicable to this claim, mental anguish, court costs, and attorney's fees. Furthermore, because Defendant's conduct was knowing and intentional, Plaintiff seeks treble damages as permitted by TEX. INS. CODE § 541.152.

49. Regarding Defendant's noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to recovery of the claim amount in addition to statutory interest at a rate of ten percent (10%) per annum, coupled with reasonable attorney's fees. See TEX. INS. CODE § 542.060.

50. Regarding Defendant's breach of the common law duty of good faith and fair dealing, Plaintiff seeks compensatory damages, including but not limited to, financial losses arising from Defendant's refusal to pay, consequential costs, economic distress, exemplary damages, and compensation for mental and emotion distress caused by Defendant's misconduct.

51. To prosecute this action and secure recovery, Plaintiff has retained legal counsel, whose name appears below. Accordingly, Plaintiff is entitled to recover reasonable and necessary attorneys' fees incurred through the preparation, trial, and any appellate proceedings associated with this case.

52. For violations of the Texas Deceptive Trade Practices Act (DTPA), Plaintiff is entitled to recover economic damages, attorney's fees, pre- and post-judgment interest, mental anguish, and, for knowing and/or intentional violations, up to treble damages as authorized by law

## XI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and file an answer, and further finds that Plaintiff recover from Defendant for actual damages as proven at trial, exemplary/punitive damages to the fullest extent allowed under Texas law, pre- and post-judgment interest at the highest rate allowed by law, costs of suit, attorneys' fees for both the trial and appellate courts, and such other and further relief to which Plaintiff may be justly entitled to by law or in equity.

**Respectfully Submitted,**

**STORM LAW PARTNERS, PLLC**

***/s/ Brooke Wilhelm***
**Brooke Wilhelm**
**Texas Bar No. 24132378**
**Derek Fadner**
**Texas Bar No. 24100081**
**STORM LAW PARTNERS, PLLC**
**1000 Main Street, Suite 2300**
**Houston, Texas 77002**
**T: (832) 323-3000**
**E: bwilhelm@stormlawpartners.com**
**service@stormlawpartners.com**
**jconley@stormlawpartners.com**
**cshenton@stormlawpartners.com**

**ATTORNEYS FOR PLAINTIFF**